## ROSENBAUM v. E. SIMON'S SONS, Inc.
### No. 14699.

Court of Appeal of Louisiana. Orleans.
Dec. 11, 1933.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, for appellant.

Arthur B. Leopold, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for commissions alleged to be due a salesman under a verbal contract of employment. Emile Rosenbaum, to whom the commissions are alleged to be due, assigned his claim to his wife by a dation en paiment and the suit is brought in her name. For convenience we will hereafter refer to Emile Rosenbaum as the plaintiff.

The employment of plaintiff by the defendant is conceded, but liability for commissions sued for is denied upon the ground that the contract of employment was limited to sales to Canal street merchants referred to in the testimony as "Canal Street sales," and the sale for which a commission is now claimed was not of that character.

The president of the defendant corporation and two employees testified that the agreement did not justify a payment of a commission to plaintiff except upon sales made to Canal street merchants. It was admitted, however, in at least two instances, that sales were made by plaintiff and commissions paid for merchandise sold to other parties. The particular sale which forms the basis of this suit was made in connection with a pageant known as the "Soul of a Nation" designed to commemorate the Bicentennial of the founding of our national government. The pageant was of a quasi public character and was presented in the stadium of Loyola University in June, 1932. The defendant is a manufacturer of fancy costumes and sold the committee in charge of the pageant the costumes used in that celebration through I. B. Tribken, the executive secretary to the mayor of the city of New Orleans. Plaintiff contends that it was agreed that he should have a commission upon all sales whether made by him personally or effected by the company itself during the pendency of the agreement. In other words, plaintiff was to receive a commission of 7½ per cent. (the amount is not in dispute) upon the gross sales of all colonial costumes which the defendant company made in return for efforts in advertising and soliciting such sales. There is thus presented a direct issue of fact between the plaintiff and the defendant.

After a consideration of all the evidence, we are of the same opinion as the trial judge and believe the plaintiff should recover. As already pointed out, defendant has admitted that the agreement was more extensive than he originally claimed it to be in that Rosenbaum was allowed commissions on sales which were not made to Canal street merchants. Moreover, quite a number of samples of colonial costumes were sent to the Roosevelt Hotel where Rosenbaum maintained some sort of show room, which would hardly have been done if plaintiff had no connection with the sale of costumes to the pageant committee. The samples were charged to Rosenbaum and were sent "c/o I. B. Tribken's office, Room 21, Hotel Roosevelt," where it appears that Rosenbaum and Tribken maintained a joint office. Tribken was the purchasing agent for the pageant. In addition to these considerations, the record also shows that Rosenbaum was in charge of the samples and that he spent considerable time at the Roosevelt Hotel exhibiting them. He is also proven to have been previously employed by a concern engaged in the manufacturing of colonial costumes known as the "George Washington Bi-Centennial Costumes, Inc.," a fact which tends to corroborate his statement concerning his connection

with the sale of the costumes for the local celebration. In addition, we find it difficult to understand why the defendant would have engaged plaintiff merely for the purpose of selling Canal street merchants, nor can we understand why plaintiff would be willing to accept such an arrangement.

Our conclusion is that the trial judge was correct in deciding that plaintiff should recover. The testimony shows that the amount of the sale to I. B. Tribken was $2,700, therefore, the commission was based upon that amount and the judgment awarded accordingly. Defendant's counsel points to the fact that only $1,500 had been paid on account of this sale and, in the alternative, asks us to limit recovery of plaintiff's commission to that amount. This contention is unsound for the reason that there is no allegation and no proof that plaintiff's commission was to be limited to the sales of merchandise which were paid for, and, in the absence of such an arrangement, it will be presumed that the credit risk was assumed by the defendant.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.